*2 The opinion of the Court was delivered by
Harper, J.
The Act of Assembly of 1824, (a) directs that “it shall be the duty of every trustee or guardian appointed by the Court to make an annual return of the estate in his possession.” The Act of 1796 provides that where the persons entitled to an estate which maybe vested in trust may be willing to have'other trustees substituted in the place of those in whom the legal estate is vested, the Court of Equity may “ permit such one or more of the first or former trustees to surrender his, her or their trust, and to appoint such one or more trustees in his, her or their room, as to the Court of Equity may appear fit.” (b) The trustee in this case was appointed under this provision. He certainly comes within the letter of the Act, and I see no reason for supposing him out of its true intent and meaning. What are the other instances in which a trustee may be appointed by the Court and which are supposed-to be contemplated by the Act 1 Where a trust is created by will and no trustee is appointed, the Court will in general make the'heir at law a trustee of real estate or the executor or administrator of personal estate. Sonley vs. The Clock Makers Company, (1 Bro. C. C. 81); White vs. White, (1 Bro. C. C. 15). I suppose, however, where the purposes of the trust require it, the Court would direct the heir or executor to convey or transfer to a trustee. Where the trustee who is appointed refuses to accept the trust; 2 Fonb. 171, n.; or where the trust fails, as by the death of a trustee, to whom a legacy is given, in the life time of the testator; or where the trustee is removed from the trust for misconduct : in all these instances, except the first, the trustee may be said to be substituted by the Court in place of the trustee appointed by the party; and I do not perceive what should make the difference in the case of a trustee appointed in the place of one who has surrendered his trust. '
There was reason why the original trustee appointed by the party should not be included in the Act. First, the donor or creator of the trust has thought proper to repose confidence in *3 the 'trustee of his own appointment, and he had a right to annex what terms he pleased to the trust. But the creator of the trust has nothing to do with the substitution under the Act. Secondly, the Court may not be aware of his existence. Though it is said that a Court of Equity has a general superintendence of trustees, yet it does not interfere with a trustee appointed by deed or will until he is brought before the Couyt by suit. When that is done, however, it will superintend the entire execution of the trust and may provide by its decree or order for the trustee’s accounting periodically to the Master.
Where power was expressly given to a trustee appointed by will to substitute another trustee, the Court would not permit him to exercise the power without its approbation; though it was urged by Mr. RomiUy that all that the Court could do, was to superintend his conduct so far as to require him to pass his accounts before the Master. Webb vs. The Earl of Shaftesbury, 7 Ves. 480. When the trustee is appointed by the Court, it is then aware of his existence, and the object of the Act was to render him amenable to the Court, and to compel the Court to superintend his conduct without the necessity of any suit for the'purpose. The motion is dismissed.
Johnson and O’Neall, JJ. concurred.

Appeal dismissed.

 7 Stat. 327.

 5 Stat. 277.